UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

MATTHEW DEAN, on behalf of
himself and others similarly situated,

     Plaintiff,                       CASE NO.:

v.

W. AVIATION, LLC, A Florida Limited
Liability Company,

     Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MATTHEW DEAN ("DEAN" or "Plaintiff"), files this Complaint on behalf of himself and those similarity situated, against Defendant, W. AVIATION, LLC ("WA" or "Defendant") and states as follows:

### JURISDICTION

1.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201 and 215(a)(3), et seq., hereinafter called the "FLSA"), to recover unpaid overtime wages, an additional equal amount as liquidated damages, and to obtain declaratory relief, and reasonable attorney's fees and costs.

2.     The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3.     This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

### PARTIES

4.     At all times material hereto, the named Plaintiff worked for Defendant in Broward

County, Florida.

5.    Defendant is a Florida Limited Liability Company who performs substantial business in Broward County, Florida.

6.    Defendant operates in interstate commerce, by, among other things, providing transportation services including luxury private aircraft for interstate travel.

7.    Defendants' gross annual revenue for each year in which Plaintiff, and the putative class members worked, either individually, or jointly, exceeded $500,000.00.

8.    At all relevant times, Defendants are, and have been, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §203(d).

9.    Defendants are employers as defined by the FLSA, in that Defendants, during all times relevant and in each year during the relevant statute of limitations, had employees regularly engaged in interstate and intrastate commerce, and likewise engaged in business transactions across state lines and with products and goods created outside Florida, and imported in for local use.

## STATEMENT OF FACTS

10.    During the relevant limitations period, Plaintiff, and similarly situated class members, have been employed by Defendants as hourly paid employees.

11.    In his/their capacity as hourly paid employees, Plaintiff, and the similarly situated class members regularly worked in excess of forty (40) hours per week.

12.    In his/their capacity as hourly paid employees, Plaintiff, and the similarly situated class members who worked in excess of forty (40) hours per week were subjected to the

same common scheme and plan by Defendant to deprive them of overtime compensation.

13.     Specifically, Defendant specifically engaged in a scheme, whereby management would alter, delete, and modify Plaintiff's, and the similarly situated class members' time records/recorded hours, so as to avoid the payment of overtime compensation to these employees.

14.     Plaintiff and the similarly situated class members are/were non-exempt employees under the FLSA and are/were entitled to time and one half overtime compensation for all hours worked over forty (40) within a work week.

15.     Plaintiff and the similarly situated class members performed non-exempt work that required payment of overtime compensation.

16.     Based on the foregoing scheme, Defendant failed to compensate Plaintiff and similarly situated class members at a rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours in a single work week.

17.     Based on the foregoing scheme, Defendant failed to track or maintain the actual records of the number of hours worked by Plaintiff or the similarly situated class members during his/their employment.

18.     Plaintiff and the similarly situated class members should be compensated at the rate of one and one-half times his/their regular rate for all overtime hours worked, as required by the FLSA.

19.     The proposed class of employees that Plaintiff seeks to conditionally certify, are all: "hourly paid employees who worked for Defendant at any time during the last three (3) years, and who were subjected to Defendant's common scheme of altering, deleting, and

modifying time records of employees to avoid the payment of overtime compensation under the FLSA."

20.    Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

21.    Plaintiff anticipates that other individuals will express their desire to opt-in to this case, and will be filing their Consents to Join, shortly.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION**

22.    Plaintiff re-alleges and reavers paragraphs 1 through 21 of the Complaint, as if fully set forth herein.

23.    Plaintiff and the similarly situated class members worked in excess of forty (40) hours per week for which they were not compensated at the statutory rate of time and one-half their regular rate of pay.

24.    Plaintiff and the similarly situated class members were/are entitled to be paid at the statutory rate of time and one half their regular rate of pay for those hours worked in excess of forty (40) hours.

25.    Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its intentional scheme to deprive Plaintiff and the similarly situated class members from overtime compensation when it knew that such payment was due and owing.

26.    Defendant failed to properly disclose or apprise Plaintiff and the similarly class members of their rights under the FLSA.

4

27.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and the similarly situated class members, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

28.     Plaintiff and the similarly situated class members are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor (and in favor of all consenting similarly situated class members) for overtime damages owed, liquidated damages, attorneys' fees and costs, and any and all relief that this Court deems proper under the FLSA.   Plaintiff also seeks the conditional certification of a class of all similarly situated class members.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: November 20TH 2017.

RICHARD CELLER LEGAL, P.A.

7450 Griffin Road, Suite 230
Davie, Florida 33314
Telephone: (866) 344-9243
Facsimile:   (954) 337-2771

By: _____
Noah E. Storch, Esquire
Florida Bar No. 0085476
E-mail:noah@floridaovertimelawyer.com
Richard Celler, Esquire
Florida Bar No. 0173370
E-mail: richard@floridaovertimelawyer.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

MATTHEW DEAN, on behalf of
himself and others similarly situated,

     Plaintiff,                   CASE NO.:

v.

W. AVIATION, LLC, A Florida Limited
Liability Company,

     Defendant.

_____/


**<u>CONSENT TO BECOME PARTY PLAINTIFF</u>**

I, MATTHEW DEAN, consent to become the party plaintiff in the above-styled
Lawsuit.


Date:  November 20, 2017


Signature:  _____


Print:    MATTHEW D. DEAN