**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-cv-62282-BLOOM/Valle**

MATTHEW DEAN,
on behalf of himself and
others similarly situated,

       Plaintiffs,

v.

W. AVIATION, LLC**,**

       Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members, ECF No. [11]. The Court has carefully reviewed the Motion, the opposing and supporting briefs, the applicable law, and is otherwise fully advised. For the reasons stated below, the Motion is granted in part and denied in part.

### I.    Background

Plaintiff filed a Complaint on behalf of himself and on behalf of others similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on November 20, 2017. ECF No. [1]. Plaintiff, Matthew Dean ("Plaintiff"), alleges he and other similarly situated individuals were hourly employees of Defendant W. Aviation LLC ("Defendant") who regularly worked in excess of 40 hours per week. *Id.* ¶¶ 10-11. Plaintiff also alleges that he and others similarly situated performed non-exempt work that required the payment of overtime compensation. *Id.* at ¶ 14. In the Complaint, Plaintiff seeks to conditionally certify a class of employees defined as "hourly employees who worked for Defendant at any time during the last three (3) years, and

who were subjected to Defendant's common scheme of altering, deleting, and modifying time records of employees to avoid the payment of overtime compensation under the FLSA." *Id.* at ¶ 19.

In the Motion, Plaintiff now seeks to certify a slightly different class of individuals as follows: "All hourly paid 'Line Service Technicians' of Defendant, W. AVIATION, LLC, at any time during the last three (3) years, who were not paid full and proper overtime compensation for all hours worked over forty (40) in one or more workweeks." *See* ECF No. [11] at 1. Defendant does not oppose Plaintiff's request for conditional certification of this new proposed class. Instead, Defendant objects to the form of Plaintiff's proposed "Notice of Pending Overtime Collective Action Lawsuit" ("Notice") and the proposed "Consent to Join Collective Action and Be Represented by Richard Celler Legal, P.A." ("Consent") attached to the Motion. *See* ECF No. [37]. Plaintiff has since responded to Defendant's objections in his Reply. *See* ECF No. [44]. The Motion is now ripe for review.

## II. Legal Standard

The FLSA provides that a plaintiff can bring a collective action on behalf of similarly situated employees who opt-in. 29 U.S.C. § 216(b); *see also Anderson v. Cagle's, Inc.*, 488 F.3d 945, 950 n.3 (11th Cir. 2007). District courts have discretion to permit notice to other potential members of the plaintiff class, and "before determining to exercise such power the district court should satisfy itself that there are other employees of the department-employer who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991). While "similarly situated" is not defined by the FLSA, the Eleventh Circuit has held that a finding that the employees are "similarly situated" does not require that the potential members

of the collective action hold identical positions. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996).

Courts apply a "two-tiered procedure that recognizes distinct burdens at different stages of the litigation process." *Peña v. Handy Wash, Inc.*, 28 F. Supp. 3d 1289, 1296 (S.D. Fla. 2014), *as amended* (July 3, 2014), *class decertified*, No. 14-20352-CIV, 2015 WL 11713032, at *1 (S.D. Fla. May 22, 2015) (citing *Cameron–Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 n. 2 (11th Cir. 2003)). In the initial stage, the district court evaluates certification under a lenient standard for the purposes of notifying potential opt-in plaintiffs of their right to participate in the proceedings. *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001); *see also Albritton.*, 508 F.3d at 1014. "If the district court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in.' The action proceeds as a representative action throughout discovery." *Cameron-Grant*, 347 F.3d at 1243. Because the FLSA requires potential class members to affirmatively opt-in, the "benefits of a collective action depend on employees receiving accurate and timely notice . . . so that they can make informed decisions about whether to participate." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008) (quoting *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)) (internal quotation marks omitted). Through this lens, the Court analyses Plaintiff's Motion.

### III. Analysis

### A. Evidence Employees Desire to Opt In

Plaintiff must first show a reasonable basis for the existence of other potential opt-in plaintiffs. "The existence of just one other co-worker who desires to join in is sufficient to raise the plaintiff's contention beyond one of pure speculation . . . . Courts in this district have conditionally certified classes with as few as two affidavits from potential plaintiffs." *Rojas v.*

*Garda CL Se., Inc.*, 297 F.R.D. 669, 677 (S.D. Fla. 2013). "On the other hand, when plaintiffs provide no evidence in support of the existence of other employees who wish to opt in or when the only evidence is an unsworn statement from the plaintiffs' counsel . . . conditional certification is not proper." *Id.* (citing *Williams v. Imperial Hospitality Grp., Inc.*, No. 10-60835-CIV, 2010 WL 3943590, at *2 (S.D. Fla. 2010); *Davis v. Charoen Pokphand (USA), Inc.*, 303 F. Supp. 2d 1272, 1277 (M.D. Ala. 2004)).

Here, two employees, Vinson Armstrong and Carlos Jaramillo, in addition to Plaintiff, have filed notices of their consent to join as plaintiffs, *see* ECF Nos. [10-1] and [19-1], and Plaintiff has provided an affidavit with the Motion indicating personal knowledge of additional employees interested in joining this action. ECF No. [11-1] at ¶12-13. With this evidence, Plaintiff has, at this stage, met his burden to demonstrate the existence of additional opt-in plaintiffs.

**B**. **The Opt-in Employees Are Similarly Situated**

"Regarding the 'similarly-situated' requirement, courts commonly consider five factors at the conditional-certification stage: (1) whether plaintiffs held the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether plaintiffs were subjected to the same policies and practices, and whether the policies and practices were established in the same manner and by the same decision maker; and (5) the degree to which the actions constituting the claimed violations are similar." *Peña*, 28 F. Supp. 3d at 1296. In their declarations, Plaintiff and Mr. Armstrong assert that they currently work or worked for Defendant as Line Service Technicians at the Fort Lauderdale Executive Airport and were responsible for cleaning, stocking, assisting flight attendants with preparation of the cabins of charter airplanes for takeoff, helping passengers with their luggage, assisting with customer service inquiries, and fueling and towing aircraft on the

runway. *See* ECF No. [11-1] at ¶¶ 4-6; ECF No. [11-2] at ¶¶ 4-6. Plaintiff has worked for Defendant from July of 2016 through the present while Armstrong worked for Defendant from March of 2016 until March of 2017. *See* ECF No. [11-1] at ¶ 3; ECF No. [11-2] at ¶ 3. In addition, they state that there are numerous employees like them who performed the same or substantially similar duties and were paid hourly. *Id.* With regard to the alleged FLSA violations, both Plaintiff and Mr. Armstrong state that their manager engaged in a practice of deleting their overtime hours on their time sheets, which reduced the amount of overtime compensation they received, and that such a practice was applied uniformly to all similarly situated hourly employees. *See* ECF No. [11-1] at ¶¶ 9-11, 15; ECF No. [11-2] at ¶¶ 9-11. Based on the foregoing, the Court concludes that Plaintiff has satisfied its burden to prove the "similarly situated" requirement. Thus, Plaintiff has satisfied the two-prong test to obtain conditional certification of a collective action.

### C. The Proposed Class Notice

Having concluded that conditional certification is appropriate, the Court must next consider related questions of discovery, notice to potential opt-in plaintiffs and consent to join. In the Motion, Plaintiff requests the Court grant expedited discovery from Defendants, consisting of a list of the names, addresses, and email addresses of all individuals within the class. Defendant does not oppose the request and proposes to provide the information within twenty days of the Court's Order. *See* ECF No. [37] at 1, 7. The Court finds such a request reasonable and necessary to provide appropriate notice to all potential opt-in plaintiffs.

Plaintiff also requests that the Court approve the proposed Notice, ECF No. [11-3], and the proposed Consent, ECF No. [11-4], attached to the Motion. Defendant objects to Plaintiff's proposed Notice and Consent for several reasons and has supplied the Court with its own competing Notice, ECF No. [37-1], and Consent, ECF No. [37-2]. The Court will address each

of Defendant's objections and will require that the parties submit a revised Notice and Consent for the Court's approval consistent with this Order as further explained below.

Defendant first argues that Plaintiff's proposed Notice is "a judicially sponsored solicitation for the plaintiff's counsel" and should be modified to advise potential opt-in plaintiffs of their right to retain counsel of their choosing and should not refer potential opt-in members to plaintiff's counsel's website. *See* ECF No. [37] at 2. In his Reply, Plaintiff does not refer the Court to any case law and instead summarily argues that any removal of counsel's website information or language whereby the opt-in plaintiffs agree to be represented by Plaintiff's counsel would be "improper[,] serve no benefit[,]" would impede streamlined case management, and waste judicial economy. *See* ECF No. [44] at 2. Contrary to Plaintiff's position, however, the Court finds it would be improper to not inform potential opt-in plaintiffs of their right to consult with and retain an attorney of their selection. *See Lockwood v. CIS Servs., LLC*, No. 3:16-CV-965-J-39PDB, 2017 WL 6335955, at *4 (M.D. Fla. Sept. 26, 2017) ("In the interest of full disclosure to the potential class members who will receive the Notice, the Court directs Plaintiff to add the following information to the Notice. . . [that t]he potential class member may retain or consult counsel of his or her choosing before agreeing to join this lawsuit."); *Compagnone v. DL Pool Serv., LLC*, No. 215CV647FTM99MRM, 2016 WL 6575087, at *5 (M.D. Fla. Nov. 7, 2016) ("The Court agrees that potential opt-ins should be informed that they may obtain independent legal counsel."); *Czopek v. TBC Retail Grp., Inc.*, No. 8:14-CV-675-T-36TBM, 2015 WL 4716230, at *11 (M.D. Fla. Aug. 7, 2015) ("Additionally, the proposed notice fails to indicate that the recipient can retain or consult counsel of his choosing before agreeing to join this lawsuit."). Accordingly, the Notice shall include language informing all recipients that they have the right to consult with and retain their preferred counsel. Similarly, the Consent improperly contains language in which opt-in

plaintiffs agree to be represented by Plaintiff's counsel. *See* ECF No. [11-4]. Such language must be removed as it does not give potential opt-in plaintiffs the right to choose their own attorney. The parties may instead submit a proposed Consent that gives opt-in plaintiffs the ability to fill in the name of their selected counsel.

With regard to Defendant's objection to the inclusion of Plaintiff's counsel's website, the Court notes that immediately below counsel's firm name, address, telephone number, facsimile, and email address, the Notice states: "Or visit our website at: www.floridaovertimelawyer.com." *See* ECF No. [11-3]. Plaintiff does not cite to any authority supporting the inclusion of his counsel's website on the Notice. The Court finds that references to Plaintiff's counsel's website in a Court-authorized notice can give the appearance of a judicial endorsement of the content on that website. *See Czopek*, 2015 WL 4716230 at *10 (finding that the insertion of website addresses into a Court-authorized notice was improper when the Court had no knowledge of their content and it would appear to endorse such content). Therefore, the Notice should remove any website references. Even without the inclusion of the website, potential opt-in plaintiffs have ample ability to contact Plaintiff's counsel, if they so choose, by mail, telephone, facsimile, and email.

Next, Defendants request that the Court add defense counsel's contact information to the proposed Notice. In response, Plaintiff argues that the addition of defense counsel's information is illogical, provides no benefit, and will cause confusion in the event opt-in plaintiffs contact defense counsel. A Court-authorized notice in a collective action should prevent the dissemination of "misleading communications" while being "timely, accurate, and informative." *Gonzalez v. TZ Ins. Sols., LLC*, No. 8:13-CV-2098-T-33EAJ, 2014 WL 1248154, at *5 (M.D. Fla. Mar. 26, 2014) (quoting *Hoffmann–La Roche,* 493 U.S. at 171). With those principles in mind, courts often include the contact information for both plaintiff's counsel and defense

counsel in the notice. *See Lockwood*, 2017 WL 6335955 at *4 ("In the interest of full disclosure to the potential class members who will receive the Notice, the Court directs Plaintiff to add the following information to the Notice: 1. Defense counsels' name and contact information."); *Leo v. Sarasota Cty. Sch. Bd.*, No. 8:16-CV-3190-T-30TGW, 2017 WL 477721, at *3 (M.D. Fla. Feb. 6, 2017) ("The Court also agrees that the School Board's counsel's information should be included."); *Gonzalez*, 2014 WL 1248154 at *5 ("The Court agrees with TZ Insurance that Defense Counsel's name and contact information should be included in the notice in the interest of full disclosure to the notice recipients."). The Court finds that, in the interest of providing complete information to potential opt-in plaintiffs, the Notice should contain the contact information for both Plaintiff's counsel and Defendant's counsel while clearly identifying who represents each side to avoid any confusion.

Defendant also objects to Plaintiff's proposed Notice in that it does not disclose the potential liability for attorney's fees and costs should individuals opt in as plaintiffs and not prevail. In response, Plaintiff argues that the inclusion of such language "is not proper and is unfounded in law" because the FLSA has a prevailing-plaintiff fee provision, not a prevailing-defendant fee provision. *See* ECF No. [44] at 2. However, the Eleventh Circuit has explained that "in exceptional circumstances a defendant can recover attorney's fees [in FLSA cases] when the plaintiff brings a suit in bad faith." *Mayer v. Wall St. Equity Grp., Inc.*, 514 F. App'x 929, 932 (11th Cir. 2013); *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1437 (11th Cir. 1998) ("[T]his court has held that the FLSA entitles a prevailing defendant to attorney's fees only where the district court finds that the plaintiff litigated in bad faith"). Federal Rule of Civil Procedure 54(d)(1) also allows a prevailing party to recover his or her taxable costs against the non-prevailing party. Significantly, in Defendant's Answer, Defendant has demanded relief in the form of "dismissal of this case and *recovery of its attorney fees and costs*." ECF No. [14] at

3 (emphasis added). In the interest of providing an accurate and informative notice to potential opt-in plaintiffs, the Court finds it necessary to inform them of the potential liability for costs and attorney's fees should they not prevail in this action. *See Lockwood*, 2017 WL 6335955, at *4 (requiring that notice to potential opt-in members disclose that the defendants may attempt to recover their costs if there is no judgment in the plaintiffs' favor); *Compagnone*, 2016 WL 6575087, at *6 (M.D. Fla. Nov. 7, 2016) ("The notice should warn potential class members that, should DL prevail, all class members may be held responsible for DL's attorney's fees and defense costs."); *Desimoni v. TBC Corp.*, No. 2:15-CV-366-FTM-99CM, 2016 WL 8969196, at *7 (M.D. Fla. Apr. 25, 2016), *report and recommendation adopted*, No. 2:15-CV-366-FTM-99CM, 2016 WL 3626218 (M.D. Fla. July 7, 2016) (requiring that the notice be amended to inform potential plaintiffs that they may be responsible for the defendant's attorney's fees and costs if they are unsuccessful); *Czopek*, 2015 WL 4716230 at *11 ("Thus, the Form should notify plaintiffs that they may be liable for attorneys' fees and costs if there is no judgment in their favor."); *Rojas*, 297 F.R.D. at 681 ("But unless named Plaintiffs choose to separately enter into agreements with the opt-ins that waive their liability for attorney's fees, these opt-ins may indeed be liable for attorney fees and costs. . . Thus, the Form should notify plaintiffs that they may be liable for attorney's fees and costs if there is no judgment in their favor and the Court concludes that they litigated in bad faith."). Consistent with the above, the revised Notice shall contain language disclosing the potential liability for costs and attorney's fees.

As its next objection, Defendant argues that the Notice should inform potential opt-in plaintiffs that they may be required to participate in discovery or trial and appear in court. Plaintiff does not oppose this request. In fact, Plaintiff's proposed Notice already informs recipients that, if they opt in, they "may be required to participate in the discovery process which may include having [their] deposition taken and/or having to respond to written questions about

[their] case and/or providing documents regarding [their] employment." ECF No. [11-3] at 3. The Notice, therefore, adequately describes their required participation in discovery. However, it is deficient in that it does not mention a potential requirement to appear at a trial in Miami, which could require travel for some potential opt-in plaintiffs. *See Czopek*, 2015 WL 4716230 at *11 (finding proposed notice insufficient when it did "not inform the potential opt-in plaintiffs that they may be required to participate in discovery or trial and, therefore, may be called to physically appear [] in the Middle District of Florida."). For that reason, the Notice should be amended to inform opt-ins of the potential requirement to participate and appear in trial in Miami.

Next, Defendant asks that the envelopes in which the Notice and Consent form will be mailed to potential opt-in plaintiffs not contain any language suggesting this lawsuit has been judicially endorsed. Specifically, Defendant proposes that the envelopes contain the words "Notice of Pendency of Collective Action." *See* ECF No. [37] at 5-6, 8. Although Plaintiff objects to this language as "prejudicial and vague," Plaintiff does not propose alternate language. The Court concludes that Defendant's proposed language is neither prejudicial nor vague as it accurately informs the recipients of the contents of the envelope. *Rojas*, 297 F.R.D. at 681–82 (finding that "Plaintiffs may use language on their envelopes that notes 'Notice of Pendency of Collective Action' but may not use language describing the notice as 'Court Authorized' or otherwise suggesting judicial endorsement."). Although Plaintiff had the opportunity to suggest other language in his Reply, he did not do so. Accordingly, the Court finds that the envelope should informatively state "Notice of Pendency of Collective Action."

As it relates to the Consent form, Defendant requests that it be modified to require that the opt-in Plaintiffs write in their job title and dates of employment. Plaintiff opposes the request because Defendant will be supplying the information as to all potential opt-in plaintiffs. On this

issue, the Court agrees with Plaintiff. In this Order, the Court is requiring Defendant to produce a list containing the names of all individuals who worked for Defendant as "Line Service Technicians" from November 20, 2014 until November 20, 2017 along with their last-known address and email address. Only these individuals will receive the Notice and Consent forms. Given that Defendant is compiling the list, Defendant will be verifying the accuracy of this information to ensure that only "Line Service Technicians" employed during this three-year period are included on the list of individuals receiving the Notice and Consent form. Thus, the Court does not find it necessary to also require the opt-in Plaintiffs to supply their job title and dates of employment when filling out the Consent form.

Further objecting to Plaintiff's proposed Consent form, Defendant seeks the removal of language authorizing Plaintiff's counsel to reuse the form to re-file a claim in a separate or related action against Defendant if this action is later decertified. Without any citation to authority, Plaintiff summarily argues that this language "serves to streamline litigation and case management" and conserves judicial resources. *See* ECF No. [44] at 3. The Court disagrees. There is no guarantee that another collective action against Defendant, whether related to this action or not, will involve the same job titles or responsibilities, the same time frames, the same alleged FLSA violation, or the same class definition. *See Rojas*, 297 F.R.D. at 681 ("[T]he notion that Plaintiffs may reuse consent forms in separate actions that, no matter how related, are likely to involve different claims or different class definitions is untenable. Accordingly, Plaintiffs shall delete this language from the Consent Forms."). For that reason, the Court finds it would be inappropriate to include such language in the Consent form.

Finally, the parties disagree as to how much contact Plaintiff's counsel should have with potential opt-in plaintiffs about the Notice and Consent form as well as the time frames for providing notice and for opting in. Defendant requests that Plaintiff be allowed to email or mail

the notice only once with no subsequent follow up. *See* ECF No. [37] at 8. Plaintiff argues that such a practice will deprive potential opt-in plaintiffs from receiving information needed to join this lawsuit as they may not receive the first Notice. *See* ECF No. [44] at 3. The Court notes that Plaintiff will have the opportunity to mail the Notice and Consent to all members of the class *and* to email the forms to the extent email addresses are available. Should Plaintiff's counsel receive a Notice of Undeliverable Mail for any potential opt-in plaintiff and subsequently obtain a different address for that individual, the Court will allow Plaintiff's counsel to mail the Notice and Consent form to the new address. The same is true for any undeliverable email addresses. In addition, to the extent any potential opt-in plaintiffs are current employees of Defendant, Defendant has agreed to post the Notice and Consent in its break/lunch room throughout the entirety of the opt-in period. These measures provide ample opportunity to notify potential opt-in plaintiffs of this collective action. To the extent Plaintiff seeks to send "reminder" notices to potential opt-in plaintiffs, however, the Court finds such notices unnecessary and redundant. *See Smith v. Cable Wiring Specialist, Inc.*, No. 2:14-cv-277-FtM-29, 2014 WL 4795160, at *3 (M.D. Fla. Sept. 25, 2014). Reminder notices may also "be interpreted as encouragement by the Court to join the lawsuit," which would be improper. *Id.; see also Desimoni*, 2016 WL 8969196 at *5. Thus, Plaintiff's counsel's contact with potential opt-in plaintiffs is limited as set forth above.

With regard to the timeframe to provide notice, Plaintiff objects to Defendant's proposed timeline as unrealistic and prejudicial but does not propose his own. Nonetheless, the Court has reviewed Defendant's proposed timeline for providing notice and for the filing of Consents and finds that the proposed 40 days is insufficient. Accordingly, the Court has set forth a timetable below for the provision of expedited discovery, submission of the revised Notice and Consent for the Court's review, mailing and emailing of the approved Notice and Consent to all potential opt-

in plaintiffs, and the filing of the Consent forms. In doing so, the Court has already accounted for the time constraints set by the Court's Scheduling Order.

### III.    CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members, **ECF No. [11]**, is **GRANTED in part and DENIED in part.**

2. The Court conditionally certifies the following collective action under § 216(b) of the Fair Labor Standards Act: "All hourly paid 'Line Service Technicians' of Defendant W. Aviation, LLC, at any time during the last three (3) years, who were not paid full and proper overtime compensation for all hours worked over forty (40) in one or more workweeks."

3. The parties shall jointly file for the Court's approval a revised Notice and Consent consistent with this Order no later than **March 7, 2018**.

4. Defendant shall produce a list in Excel spreadsheet format containing the names of all individuals who worked for Defendant as "Line Service Technicians" from November 20, 2014 until November 20, 2017 along with their last-known address and email address, if known (the "Class List"), no later than **March 20, 2018**. Upon delivery of this list, Defendant shall promptly file a notice of compliance with this part of the Court's Order.

5. By **April 9, 2018**, Plaintiff's counsel shall mail and email, to the extent available, the Court-approved Notice and Consent to all individuals identified on the Class List. The envelopes mailed to the individuals identified on the Class List will state the mailing information for the addressee along with the words

"Notice of Pendency of Collective Action." The email to the individuals identified in the Class List shall state "Notice of Pendency of Collective Action" in the subject line and shall only attach the Court-approved Notice and Consent. Upon mailing and emailing the Court-approved Notice and Consent, Plaintiffs' Counsel shall promptly file a notice of compliance with this part of the Court's Order.

6. Defendant shall also prominently post the Court-approved Notice and Consent in its break/lunch room next to any posting of employment law notices for the entirety of the opt-in period from **April 9, 2018 until June 8, 2018.**

7. By **June 8, 2018**, any individuals who wish to opt into this collective action as Plaintiffs shall return and <u>file</u> their executed Court-approved Consent. The revised Notice shall clearly identify in **bolded type** that the deadline to <u>file</u> the Consent is **June 8, 2018**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of February, 2018.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

14